IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Action No. 10-cr-00443-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. HENRY ELK RIVER WHITESKUNK,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on the Government's Motion to Review/Reconsider the Court's Order Setting Conditions of Release [on Unsecured Bond] [Docket No. 39], wherein the United States moves the Court "to review/reconsider the Court's Order Setting Conditions of Release [on unsecured bond] [Docs 28 and 29] pursuant to Title 18, United States Code, Section 3142(f) and/or Section 3145."

On October 7, 2010, Magistrate Judge David West held a bond hearing in this case and ordered the defendant released on a $100,000 unsecured bond with certain conditions identified in an Order Setting Conditions of Release [Docket No. 29].

Section 3142(f) of Title 18 provides that a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions

of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." The Tenth Circuit has interpreted § 3142(f) to require that the same judge who conducted the detention hearing determine whether re-opening the hearing is appropriate. *See United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003) ("Revocation of a prior release order under § 3142(f) is available only when the review of a detention or release order is being conducted by the same judicial officer who entered the order"); *see also United States v. Anaya*, 376 F. Supp. 2d 1261, 1626-63 (D.N.M. 2005). Therefore, to the extent that the United States seeks to reopen the detention hearing based on new evidence pursuant to Section 3142(f), such motion must be heard by the same judge who conducted the detention hearing, Magistrate Judge West.

As stated above, the government's motion is made pursuant to "Section 3142(f) and/or Section 3145." If magistrate judge orders a criminal defendant released, Section 3145(a) of Title 18 allows the government to file a "motion for revocation of the order or amendment of the conditions of release." A motion pursuant to Section 3145(a) must be reviewed by the assigned district court judge. *Cisneros*, 328 F.3d at 615-16. Thus, to the extent that the United States seeks to reopen the detention hearing based on Section 3145(a), such motion must be heard by me and not Magistrate Judge West.

It makes little sense for Magistrate Judge West and me to conduct simultaneous reviews of the October 7, 2010 detention order, especially if Magistrate Judge West decides to reopen the detention hearing based on newly available evidence. Moreover, the motion itself, despite invoking Section 3145, asks the Court to "review and/or reconsider its Order Setting Conditions of Release," a remedy consistent with Section

3142(f), as opposed to requesting that the Court "revoke" or "amend" another judge's detention order, which would have been consistent with Section 3145(a). This interpretation of the government's motion is confirmed by the fact that it does not challenge the detention order based on the evidence before the Court on October 7, 2010, but rather seeks reconsideration of the order based on new developments since October 7. I will therefore construe the motion as one made pursuant to 18 U.S.C. § 3142(f). It is

ORDERED that Government's Motion to Review/Reconsider the Court's Order Setting Conditions of Release [on Unsecured Bond] [Docket No. 39] is referred to Magistrate Judge David West pursuant to 18 U.S.C. § 3142(f).

DATED December 9, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge